FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUL 18 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL JAMES,

                        Plaintiff,

   -against-

HON. RICHARD BROWN, Queens County
District Atty.; DETECTIVE ALVAREZ,
Shield #28354;New York City Asst. Corporation
Counsel SABRINA TANN; HON. JUDGE
CAPUANO CAMACHO, Queens County Superior
Court Justice; HON. JUDGE FERNANDO CAMACHO,
Queens County Superior Court Justice; JOHN DOES
#1 through 10, un-named police officers,

                       Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
06-CV-3007 (CBA)

AMON, United States District Judge.

On June 8, 2006, *pro se* plaintiff Michael James filed this action as a "Criminal Complaint" alleging that defendants violated federal criminal statutes 18 U.S.C. §§ 371, 1621 and 1623, in connection with his arrest and detention on September 10, 2005.

## DISCUSSION

This action cannot proceed as a criminal complaint. In the federal system, crimes are always prosecuted by the Federal Government, not by private complaints. Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972) see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). No party can bring a private right of action based upon a criminal statute unless it shows that Congress specifically intended to create a private right of action. See generally Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (observing that enforcement of statutory violation under § 1983 requires showing that "Congress

intended to create a federal right"). As in <u>Alaji Salahuddin v. Alaji</u>, 232 F.3d 305, 308, 311-12 (2d Cir. 2000), a case in which a district court sua sponte dismissed a civil action based on a federal criminal statute, there is no reason to think that Congress intended Sections 371, 1621 and 1623 to be privately enforceable.

To the extent plaintiff wishes to amend his complaint and bring this action as a civil matter alleging civil rights violations, plaintiff has neither paid the filing fee nor sought leave of the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.[1] Under 28 U.S.C. §1914, the filing fee to commence a civil action is $350. Under 28 U.S.C. §1915, the Court may waive the filing fee upon finding a plaintiff indigent.

## CONCLUSION

Accordingly, if plaintiff chooses to pursue this case as a civil action alleging civil rights violations, the Court directs plaintiff to file an amended complaint and submit the attached "Request to Proceed *In Forma Pauperis*" application within 20 days from the entry of this Order or to pay the $350 filing fee to the Clerk of Court of the Eastern District of New York within 20 days from the entry of this Order. If plaintiff fails to amend his complaint and submit a Request to Proceed *In Forma Pauperis* application or fails to remit the filing fee within the time allowed, the action shall be dismissed.

SO ORDERED.

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
July 17 2006

---

[1] The Court notes that plaintiff has another pending civil rights action in this Court relating to the same events and therefore may not wish to pursue the instant case as a civil action. See <u>James v. Alvarez et al.</u>, 05-CV-5992 (CBA).

2